## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Henes

v.

Henes

November 23, 1988

Case No. (Chancery) 16430

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on various motions. The core question which will dispose of the motions is whether or not this Court should assert its jurisdiction to hear and determine equitable distribution questions in view of Defendant's parallel proceedings initiated in the Pennsylvania Courts.

Complainant in this action has asserted that the Pennsylvania Courts lack *in personam* jurisdiction over him and that equitable distribution of property located in Virginia ought to be made by the Courts of this state. For reasons of comity, this argument must fail.

Complainant has litigated the issue of Pennsylvania's *in personam* jurisdiction in the trial Court, the Superior Court and the Supreme Court of Pennsylvania. The trial and Superior Courts held that Pennsylvania had jurisdiction, and the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal.

Defendant argues that there is not valid service of process upon her and, by special appearance, asks that the service be quashed. Service is, however, proper on Defendant. Alternatively, she argues that the Virginia action be stayed and that the Pennsylvania Court proceed

with its equitable distribution of the property. The stay should be granted.

Comity rests upon "mutual interest and convenience, from a sense of the inconvenience which would otherwise result, and from moral necessity to do justice in order that justice may be done in return." *McFarland v. McFarland*, 179 Va. 418, 430 (1942). Here the Pennsylvania Courts, for whatever their reasons, have ordered equitable distribution of property located entirely in this state. They have determined that they do possess *in personam* jurisdiction over Mr. Henes, and while such a finding of jurisdiction may not be entitled to "Full Faith and Credit" in the sense that it is binding on this Court, such a finding is entitled to be respected by this Court. It is not so "immoral, shocking to one's sense of right" so that comity ought to be denied. *See, Tate v. Hain*, 181 Va. 402, 413 (1943).

For these reasons, Defendant's Motion to Quash service will be denied; her Motion to Stay Proceedings in this state will be granted; her Motion to Compel Mr. Henes to appear for depositions and for a Subpoena Duces Tecum will be granted; her motion for Rule to Show Cause will be denied without prejudice. Complainant's Motion to set a date for equitable distribution proceedings will be denied as will his Motion to Quash the service of process for the taking of his deposition.